IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DAVID OLLODART,**

        Plaintiff,

  v.

**INTEL CORPORATION,**

        Defendant.

Case No. 3:21-cv-00125-MO

OPINION AND ORDER

MOSMAN, J.,

OPINION

This matter comes before me on Defendant Intel Corporation's Motion to Dismiss [ECF 33]. For the reasons given below, I GRANT Defendant's Motion to Dismiss and dismiss this action with prejudice.

**BACKGROUND**

This case arises from Plaintiff David Ollodart's previous employment with Defendant Intel Corporation. In an order on a previous Motion to Dismiss, I dismissed some of Ollodart's claims with prejudice and dismissed others with leave to amend. Mins. of Proceeding [ECF 27]. Specifically, I gave Ollodart leave to amend his claims of defamation, breach of contract, invasion of privacy, and trespass to chattels claims. Ollodart filed his Third Amended Complaint [ECF 29] in May 2021. In addition to repleading the claims I dismissed previously, the Third Amended

1 – OPINION & ORDER

Complaint includes new allegations against Intel. Intel responded with the Motion to Dismiss [ECF 33] before me now.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

When reviewing a motion to dismiss against a *pro se* plaintiff, the court construes the *pro se* pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Ollodart's Third Amended Complaint does not "contain sufficient factual matter" to support any of his claims for relief. *Iqbal*, 556 U.S. at 678. I will address Ollodart's claims in turn.

### I.  Defamation

Ollodart claims that Intel defamed him by providing negative employment references to his potential employers. *See* Third Am. Compl. [ECF 29] ¶ 5.3.1. However, Ollodart does not

provide the name of any specific employer that he believes was given a negative reference from Intel. Nor has Ollodart alleged that any specific individual at Intel provided such a negative reference. Without specific allegations that Intel published defamatory remarks about him, Ollodart's defamation claim cannot survive. *See Herrera v. C & M Victor Co.*, 337 P.3d 154, 159 (Or. Ct. App. 2014) (listing publication of defamatory material as an essential element of a defamation claim under Oregon law). As such, I dismiss Ollodart's defamation claim.

## II.     Breach of Contract

Ollodart claims that Intel breached its contract with him by requiring him to pay back a relocation stipend he was given as part of his employment contract. Third Am. Compl. [ECF 29] ¶ 5.1.2. Under his contract with Intel, Ollodart would have to pay back the relocation stipend if he ended his employment voluntarily but could keep the stipend if his termination was involuntary. *See* Third Am. Compl. Ex. 10 [ECF 29-10] at 3. Ollodart resigned from his position, *see* Third Am. Compl. Ex. 2 [ECF 29-2], so Intel required him to pay back his stipend. However, Ollodart claims this resignation was involuntary. Third Am. Compl. [ECF 29] ¶ 5.5.

In a claim related to his breach of contract claim, Ollodart alleges that his resignation was involuntary because Intel's actions against him constituted constructive discharge. *Id.* In support of this claim, Ollodart alleges that Intel employees had not given him adequate training, had inadequate procedures for dealing with intellectual property, and failed to respond to several of his emails, among other allegations. Ollodart's statements are vague and conclusory. But most importantly, they fail to describe a work environment wherein "a reasonable person in [his] position would have felt that he was forced to quit because of intolerable and discriminatory working conditions." *Wallace v. City of San Diego*, 479 F.3d 616, 625 (9th Cir. 2007). I therefore dismiss Ollodart's constructive discharge claim. And because Ollodart's breach of contract claim

depends on his discharge from Intel being involuntary, I likewise dismiss his breach of contract claim.

### III.  Invasion of Privacy

Ollodart alleges that Intel invaded his privacy by soliciting private documents from his family and roommates and hiring a private detective to investigate him. Third Am. Compl. [ECF 29] ¶ 5.3.2. Ollodart makes these allegations under a theory of intrusion on seclusion. To survive a motion to dismiss on this claim, Ollodart must show "(1) an intentional intrusion, physical or otherwise, (2) upon the plaintiff's solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." *Reed v. Toyota Motor Credit Corp.*, 459 P.3d 253, 257 (Or. Ct. App. 2020) (citing *Mauri v. Smith*, 929 P.2d 307, 310 (Or. 1996)). Ollodart's complaint is too vague to state a claim. Though he says private detectives broke into his locked vehicle and residence "to obtain information," he does not say when this occurred, what private information was taken, or what led him to believe that Intel was involved in such an invasion. Third Am. Compl. [ECF 29] ¶ 5.3.2(d). Ollodart's factual allegations here do not "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As such, I dismiss his invasion of privacy claim.

### IV.  Trespass to Chattels

Ollodart claims that Intel "intentionally misclassified" his benefits accounts. Third Am. Compl. [ECF 29] ¶ 5.2.7. Though Ollodart describes this as a "trespass to chattels," it is unclear how his factual allegations fit with his legal claim. Under Oregon law, a prima facie claim for trespass to chattels requires the plaintiff to show an "intentional exercise of…control over a chattel" which "interferes with [his] right…to control it." *See Scott v. Jackson Cnty.*, 260 P.3d 744, 752 (Or. Ct. App. 2011). Ollodart does not allege with any specificity that Intel acted intentionally

in misclassifying his accounts, nor does he allege that this misclassification ever prevented him from exercising control over his accounts. I therefore dismiss Ollodart's trespass to chattels claim.

## V.    Fraud Claims

In my order on the previous motion to dismiss in this case, I dismissed with prejudice Ollodart's various fraud claims against Intel. Mins. of Proceeding [ECF 27]. In his new complaint, Ollodart pleads similar fraud claims under different names: fraudulent concealment by forgery, fraudulent inducement, and fraudulent misrepresentation. Third Am. Compl. [ECF 29] ¶¶ 5.1.3, 5.4.1. But these legal claims are not supported by any allegations that Intel made a false representation of material fact, or that such representation caused Ollodart injury. *See Merten v. Portland General Elec. Co.*, 228 P.3d 623, 629 (Or. Ct. App. 2010) (listing elements of fraud). Ollodart's fraud claims are thereby dismissed.

## VI.    New Claims

New to this complaint are Ollodart's claims of surreptitious discharge, unequal pay on the basis of age, age discrimination, unlawful deduction from compensation, and irregularities in payslips. Most of these claims are not legally cognizable: they assert causes of action that do not exist. This leaves Ollodart's claims of unequal pay and age discrimination claims.

Ollodart's age-related claims also must fail. In support of his unequal pay claim, Ollodart describes a conversation he had with another employee who described being paid more as an employee for Intel than as a graduate student. Third Am. Compl. [ECF 29] ¶ 5.2.4. Ollodart alleges Intel paid this employee at a rate four times greater than what he or she had earned as a graduate student while Ollodart only earned twice as much as what he had earned as a graduate student. *Id.* Yet these proportional claims do not actually indicate that Ollodart's co-worker received more compensation than him. Moreover, Ollodart does not claim that the co-worker was of a different

age than him. *See* Or. Rev. Stat. 652.220(1)(a) (preventing employers from compensating employees "on the basis of a protected class"). I dismiss the unequal pay claim accordingly.

To support his age discrimination claim, Ollodart alleges a co-worker once joked about his acne. Third Am. Compl. [ECF 29] ¶ 5.2.5. This fails to meet the standard required to show that Intel was a hostile work environment, nor would it "give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). Ollodart's age discrimination claim is dismissed.

## CONCLUSION

For the reasons stated above, I GRANT Defendant's Motion to Dismiss [ECF 33]. Because Ollodart was previously given leave to amend his claims and has again failed to conform his complaint to pleading standards, his claims are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this \_\_\_ day of September, 2021.

                                                    MICHAEL W. MOSMAN
                                                  United States District Judge